UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CINDY YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-cv-00867-JAR |
| | ) |
| ALANA BOYLES,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Cindy Young's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1, 10, 25). The State responded. (Doc. Nos. 4, 17). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED**.

### I. Introduction and Background

Petitioner was charged as a persistent offender under Mo. Rev. Stat. § 558.016 with the class B felony of identity theft, Mo. Rev. Stat. § 570.223, perpetrated against Petitioner's ex-boyfriend, Daniel Webster. On February 17, 2011, a jury found Petitioner guilty, and the trial court sentenced her to 20 years' imprisonment.

At trial, the State presented evidence that Petitioner and Webster met in June 2005 and started dating. In April 2006, Petitioner opened a restaurant in New London, Missouri, and Webster cleaned, performed maintenance, and barbequed food. He also purchased a $1,500 char-broiler for the restaurant as a loan. The pair ended their relationship in October 2006 and,

---

[1] Alana Boyles, Director of the Division of Adult Institutions, is the proper Respondent under 28 U.S.C. § 2254, Rule 2(a).

1

in December 2006, Webster learned that someone was trying to access his credit history. Upon further investigation, he learned that Western Surety had issued a bond for utility service at a restaurant in Palmyra, Missouri, which Webster had not requested. The bond was signed by Petitioner. Webster later learned that a line of credit had been requested by Petitioner related to her restaurant, which Webster had not requested. Webster contacted the police in January 2007. He reported that that he had been romantically involved with Petitioner and that she had opened a new restaurant with her new boyfriend, Jon Lear.

Detective Webb interviewed Lear, who said that he and Petitioner broke up shortly before the new restaurant opened. He was aware of the line of credit referenced by Detective Webb and Petitioner's prior relationship with Webster. Lear reported that Petitioner had told him that Webster was a partner in her restaurant business.

Lear could not be located prior to trial. At trial, Detective Webb's testimony detailed Lear's statement implicating himself and Petitioner in identity theft. A jury ultimately found Petitioner guilty of identity theft, and the trial court sentenced her to 20 years' imprisonment. On June 5, 2012, the state appellate court upheld Petitioner's conviction and sentence on direct appeal. *State v. Young*, 367 S.W.3d 641 (Mo. Ct. App. 2012).

On September 24, 2012, Petitioner filed a pro se motion to vacate, set aside, or correct the judgment or sentence in state court, asserting manifest injustice, ineffective assistance of counsel, error in pre-trial investigation, disqualification of judge, venue challenges, and "conviction test of jurisdiction." (Doc. No. 4-6 at 7). The motion court appointed counsel, who then filed an amended motion on February 19, 2013, asserting one ground for relief: ineffective assistance of counsel for failing to move to exclude, and failing at trial to object to, Lear's hearsay statements. (Doc. No. 4-6 at 22).

On July 9, 2013, the motion court held an evidentiary hearing on Petitioner's motion. Petitioner's trial counsel testified that he did not object to Lear's hearsay statements because he believed that Lear's absence strengthened the defense's theory that someone else committed the crime. Trial counsel testified that he had to make a strategic choice: either allow the introduction of some of Lear's admissions of involvement and argue that Lear committed the crime or fight the admissions with the possibility that this would then preclude trial counsel from having sufficient evidence of Lear's involvement to argue Lear's culpability. Trial counsel testified that, to the best of his recollection, he researched the admissibility of Lear's statements before making the decision to not contest the admission of the statements. Trial counsel testified that he believed the State's case was strong and that he discussed this belief with Petitioner. (Doc. No. 4-7 at 10).

On August 13, 2013, the motion court denied Petitioner's motion, holding that the decision to allow Lear's statements to be introduced was a matter of sound trial strategy. (*Id.* at 39). On September 16, 2013, Petitioner filed a post-conviction appeal, and on September 2, 2014, the state appellate court affirmed the motion court's denial of the post-conviction relief. (Resp. Ex. J).

On June 2, 2015, Petitioner filed this pro se Section 2254 petition. (Doc. No. 1). On March 10, 2017, she filed an amended Section 2254 petition, raising the following grounds for relief:

(1) Trial counsel rendered ineffective assistance of counsel by failing to move at the pretrial phase to exclude and to object to hearsay statements of Lear at trial;

(2) Post-conviction counsel rendered ineffective assistance of counsel by failing to raise all grounds asserted by Petitioner in his pro se motion for postconviction relief on appeal; and

(3) Petitioner's sentence exceeds the statutory maximum under new sentencing

3

guidelines, and thus Petitioner has completed her sentence.[2]

(Doc. No. 10). On June 4, 2018, Petitioner filed another Section 2254 petition which restated her existing claims and included arguments that Petitioner is entitled to credit for time served on other sentences and during probation. (Doc. No. 25).

## II. Analysis

A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (internal quotation marks omitted)). A state court "unreasonably applies" federal law when it "identifies the correct

---

[2] On June 4, 2018, Petitioner filed another Section 2254 petition. To the extent that the filing restates her grounds regarding her conviction for identity theft, the Court will construe the filing as a supplement to her amended petition. To the extent that the filing attempts to raise new claims related to prior sentences and credit for time served on probation, the Court finds that those claims are not cognizable in federal court and denies those claims without prejudice.

4

governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## A. Ground 1: Ineffective Assistance of Trial Counsel

In order to state a claim of ineffective assistance of trial counsel, Petitioner must meet the *Strickland* standard: Petitioner must demonstrate that her counsel's performance was deficient and that she was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal

5

quotations and citations omitted).

In Ground 1, Petitioner asserts that trial counsel was ineffective because he failed to object to Detective Webb's testimony that included statements made to her by Lear. The motion court held an evidentiary hearing on this claim and found that it was meritless. Trial counsel testified that he decided not to object to the introduction of Lear's out-of-court statements because they supported Petitioner's defense that there was another perpetrator of the crime. Applying *Strickland*, the motion court held:

> It appears that the decision to allow the statements of Mr. Lear to come in the manner that they did was a matter of sound trial strategy. The State could have used the deposition testimony, but it appears the defense made a tactical decision that the evidence would be less compelling if it came in through the questioning of Ms. Webb.

(Doc. 4-6 at 39). On review, the state court of appeals, applying *Strickland*, agreed:

> at the time of trial, counsel's strategy was reasonable. The evidence suggested that Lear may have orchestrated the crime. Thus, we must credit trial counsel for taking a reasonably calculated risk, in order to present a viable defense. We will not second guess trial counsel's strategy simply because it did not prevent the jury from finding [Petitioner] guilty.

(Doc. No. 4-10 at 6). The state court of appeals further found that even if trial counsel's strategy was unreasonable, Petitioner could not prove prejudice because there was sufficient additional evidence adduced at trial to convict Petitioner of identity theft without the hearsay testimony. (*Id.*).

The Missouri courts' determination is fairly supported by the record and reasonably applies federally established federal law. That determination is, therefore, entitled to deference by this Court. *See Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Ground 1 will be denied.

**B. Ground 2: Ineffective Assistance of Post-Conviction Counsel**

6

"Federal habeas courts are only authorized to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." *Jennings v. Groose*, No. 4:94CV1349 CDP, 2015 WL 1475663, at *2 (E.D. Mo. Mar. 31, 2015) (internal citation omitted). Generally, because there is no federal constitutional right to state post-conviction proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991), claims of ineffective assistance of post-conviction counsel are not cognizable as independent claims in federal habeas corpus proceedings, s*ee Harrington v. Wallace*, No. 4:14 CV 1683 CDP, 2017 WL 2778088, at *4 (E.D. Mo. June 27, 2017). Thus, to the extent that Petitioner is attempting to assert independent claims that her post-conviction counsel was ineffective for abandoning the other claims during the post-conviction proceeding (i.e. manifest injustice, Code of Judicial Conduct, etc.), such claims are not cognizable in federal court. *Yarberry v. Sachse*, No. 12-3564-CV-S-BCW-P, 2013 WL 3231539, at *5 (W.D. Mo. June 26, 2013) ("If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

A petitioner may assert a claim for ineffective assistance of post-conviction counsel to establish cause for her procedural default. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012)("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). However, Martinez only applies to excuse a petitioner's procedural default. Here, Petitioner is not attempting to assert any defaulted claims in her petition for habeas relief. Therefore, *Martinez* does not apply, and Ground 2 is denied.

## C. Ground 3: New Sentencing Guidelines

Petitioner was charged with the class B felony of identity theft in violation of Mo. Rev. Stat. § 570.223. The trial court found that Petitioner was a prior and persistent offender and, on April 5, 2011, sentenced her to twenty years' imprisonment. Under Mo. Rev. Stat. § 558.016.7(2), Petitioner could be sentenced as though she were guilty of a class A felony, and the range of punishment for a class A felony is ten to thirty years or life. Mo. Rev. Stat. § 558.011.1. Petitioner argues that her sentence exceeds the statutory maximum under the new sentencing statutes that were amended in January 2017, which she claims should be applied retroactively.

Petitioner's argument has no merit because the changes to the Missouri criminal statutes in 2017 are not retroactive. In *State v. Johnson*, 150 S.W.3d 132 (Mo. Ct. App. 2004), the Missouri Court of Appeals reiterated that, under Mo. Rev. Stat. § 1.160, when the change of a sentencing structure for an offense occurs, the defendant must be sentenced according to the law in effect at the time of the offense unless a change occurred in the law creating the offense itself. *Id.* at 138. The court found that the amendment to Section 558.016 would therefore not apply retroactively, as it is not a statute creating offenses, but a statute permitting enhancement of sentences for prior and persistent offenders. *See id.*; *see also Mathis v. United States*, No. 1:17CV00023 SNLJ, 2017 WL 4280679, at *3 (E.D. Mo. Sept. 27, 2017) (denying habeas relief on the basis that the federal sentencing guidelines do not permit the retroactive application of an amended criminal statute). Here, there is no retroactive application, and Petitioner was properly sentenced according to the law in effect at the time of the offense.

Moreover, in Section 2254 proceedings, a "federal court may not re-examine a state court's interpretation and application of state law." *Nunley v. Bowersox*, 784 F.3d 468, 471 (8th

8

Cir. 2015) (citing *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir.1994)). The 2017 change to the sentencing statute concerns only state law, which is not a cognizable ground for relief under Section 2254. *See Mahone v. Prudden*, No. 4:17-CV-377 DDN, 2017 WL 963206, at *1 (E.D. Mo. Mar. 10, 2017). Accordingly, Ground 3 is denied.

As a final matter, Petitioner filed another Section 2254 petition on June 4, 2018. To the extent that the filing restates Petitioner's grounds regarding this conviction for identity theft, the Court will construe the filing as a supplement to her amended petition. To the extent that the filing attempts to raise new claims related to other sentences and credit for time served on probation, the Court finds that those claims are not cognizable in federal court and will deny those claims.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Cindy Young's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1, 10, 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 20th day of September, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE